UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

PAULA E. MEDEIROS

    Plaintiff,

v.

NORTHSTAR LOCATION SERVICES, LLC

    Defendant

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. The Court has supplemental jurisdiction to hear the Plaintiff's state law claims pursuant to 28 U.S.C. §1367 as said claims arise from the same transactions and occurrences.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act (TCPA) of 1991, 47 U.S.C.§227 et seq.

**VENUE**

4. Venue is proper in this District.

5. The acts and transactions occurred in this District.

6. The Plaintiff resides in this District.

7. The Defendant transacts business in this Judicial District.

## PARTIES

8. Plaintiff Paula E. Medeiros is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Northstar Location Services, LLC, (hereinafter "Defendant") operates from an address of 4285 Genesee Street, Cheektowaga, New York 14225 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is registered as a debt collector with the Colorado Attorney General's office, license number 990312.

## FACTUAL ALLEGATIONS

### FDCPA

11. The alleged debt that the Defendant is attempting to collect upon stems from a Discover Credit Card which was primarily used for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. On or about December 8, 2011, the Plaintiff received a letter from the Defendant regarding the alleged debt

13. In the initial communication from the Defendant it was claimed that the Plaintiff owed a balance of $12,906.57 concerning a debt from Discover Bank.

14. The Plaintiff disputes the amount that the Defendant claims is owed.

15. Beginning on December 13, 2011 the Defendant began contacting the Plaintiff on her cellular telephone in an effort to collect the disputed debt.

16. The Plaintiff believes that the Defendant is using an automatic telephone dialer to contact her on her cellular telephone.

17. This belief is based upon the instances where the Defendant contacts the Plaintiff and upon the Plaintiff answering the telephone, no live person is on the other end.

18. In some instances of being contacted by the Defendant, while the Plaintiff is awaiting to speak to someone on the calling side of the conversation, the phone call simply terminates.

19. Such circumstances are evidence of the use of automated dialing equipment utilized to place outbound telephone calls.

20. The Defendant contacted the Plaintiff on December 13, 2011, December 14, 2011 and on December 16, 2011, each time leaving an automated message on the Plaintiff's voicemail to contact them regarding this debt.

21. On December 16, 2011 the Plaintiff contacted the Defendant and upon reaching a live agent, advised that she was in financial distress and unable to make any payments concerning the alleged Discover account.

22. The Plaintiff also told the Defendant to stop contacting her and to stop leaving messages concerning this debt.

23. The agent of the Defendant told the Plaintiff "that's not how it works" and then the telephone call was terminated.

24. Despite notice that the Plaintiff could not and would not make any payments, and despite notice to stop contacting the Plaintiff, the Defendant continued contacting the Plaintiff.

25. Using an autodialer, the Defendant contacted the Plaintiff on her cellular telephone on:
    December 20, 2011,
    December 21, 2011,

3

       December 23, 2011,

       December 26, 2011

       December 26, 2011

       December 31, 2011

       January 3, 2012,

       January 4, 2012,

       January 10, 2012,

       January 23, 2012,

       January 25, 2012,

       January 26, 2012,

       January 27, 2012,

       February 3, 2012,

       February 16, 2012,

       February 29, 2012

26. The Plaintiff has no business relationship with the Defendant and does not owe any money to the Defendant.

27. Using an autodialer, the Plaintiff has been contacted by the Defendant no less than twenty times.

28. The Plaintiff considers these ongoing calls to be annoying and harassing.

29. The Defendant has ignored the demand to stop contacting the Plaintiff.

30. The contact by the Plaintiff is nothing short of harassment, in violation of 15 U.S.C. §1692d.

31. The Defendant's conduct is unconscionable and violates the prohibitions of 15 U.S.C. §1692f.

32. In the letter dated January 9, 2012, the Defendant claims that "has been authorized by our client, Discover Bank, to settle your account for $6,453.29 which is 50% of the current balance due."

33. The Defendant is a debt collector, debt buyer, who has no agreement with Discover Bank.

34. The Defendant has used false and misleading information in its communication with the Plaintiff in an attempt to collect a debt.

35. Such conduct violates the FDCPA, see 15 U.S.C §1692e.

## TELEPHONE CONSUMER PROTECTION ACT OF 1991

## (TCPA) 47 U.S.C. §227

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

38. The Defendant, using an autodialer, has contacted the Plaintiff on his cellular telephone no less than nine separate occasions concerning the alleged debt.

39. At no time has the Plaintiff given express consent to the Defendant to contact him via his cellular telephone. In fact the Plaintiff told the Defendant to quit contacting him via telephone.

40. On numerous occasions the Plaintiff has indeed notified the Defendant to stop contacting him.

### *Respondeat Superior Liability*

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

43. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

44. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

45. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

### **CAUSES OF ACTION**

### **COUNT I.**

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

48. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.

VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C.§227 et seq.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA.

51. The Plaintiff is entitled to statutory damages of $500.00 per violation of the TCPA.

52. If the Plaintiff, in the course of discovery or at trial, can establish that the Defendant knowingly and/or willfully violated the TCPA, the Plaintiff is entitled to $1,500.00 per violation of the TCPA.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;

2. For statutory damages;

3. For punitive damages;

4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED:

s/Troy D. Krenning
Gookin, Krenning and Associates, LLC
770 N. Lincoln Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: troy@gkalaw.com

s/Jill Gookin
Gookin, Krenning and Associates, LLC
770 N. Lincoln Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: jill@gkalaw.com

s/Andrea C. Fulton
Gookin, Krenning and Associates, LLC
770 N. Lincoln Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: andrea@gkalaw.com